[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13938
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 17, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00007-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES C. MAJOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 17, 2008)**

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Charles C. Major, appearing pro se, appeals from the district court's order denying his motion requesting the district court to set a payment schedule for his criminal fine, pursuant to 18 U.S.C. § 3572(d)(3).[1] On appeal, Major argues that the district court, in denying his motion, improperly delegated its judicial authority to the Bureau of Prisons ("BOP") to set a payment schedule for the fine.[2] For the reasons set out below, we vacate the district court's order and remand for further proceedings.

## I.

A federal grand jury returned a 3-count indictment against Major, charging him with conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A), and 18

---

[1] Section 3572(d)(3) provides in full:

A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3572(d)(3).

[2] There was a sentence appeal waiver in this case prohibiting Major from mounting a "collateral post-conviction attack" on his sentence. However, the government does not seek to enforce the waiver on appeal. In light of Major's pro se status and the fact that it is unclear whether Major's § 3572(d)(3) motion was barred by the waiver, we conclude that the government has abandoned its ability to invoke the sentence appeal waiver on appeal. Accordingly, we address the merits of Major's argument.

U.S.C. § 2 (Count 1); distribution of more than 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (Count 2); and unlawful re-entry into the United States by an alien who was previously removed for having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1346 (Count 3). Major pled guilty to Count One in the indictment pursuant to a written plea agreement, and the government agreed to dismiss the remaining counts.

At sentencing, the district court determined that the application of the Sentencing Guidelines in Major's case resulted in a mandatory minimum sentence of 240 months' imprisonment, a fine range of $18,000 to $4 million, and a $100 special assessment. The court pronounced a sentence of 240 months' imprisonment and, although the court stated that it had "no information to believe the defendant has the ability to pay a fine," it imposed a fine in the amount of $50,000. The court made no mention of how the fine was to be paid.

The court's written judgment confirmed the imposition of a $50,000 fine and a $100 special assessment. In a section entitled, "Schedule of Payments," the judgment provided that the "payment of the total criminal monetary penalties" would be due as follows:

A [X] Lump sum payment of $100 due immediately, balance due.

[  ] not later than ____; or
[X] in accordance with [X] B, [  ] C, [  ] D, or [  ] E below; or

3

B [X] Payment to begin immediately.

The unchecked boxes in C and D provided the option of allowing the payments to be made in installments.

Nearly six years later, Major filed the instant motion under 18 U.S.C. § 3572(d)(3). The motion informed the court that Major's economic circumstances had materially changed because the initial financial support he had been receiving in prison from his friends and family had dwindled in light of the economic recession. For this reason, he requested that the court set a payment schedule under § 3572(d)(3) based on his prison earnings, as opposed to the "inconsistent charities" he was receiving. In this respect, he noted that the court had "inadvertently failed to set a payment schedule" in the written judgment. He emphasized the separation-of-powers problem of having the BOP exercise the non-delegable judicial function of setting his payment schedule.

The district court denied Major's motion. The court's entire explanation provided: "After consultation with the United States Probation Office, I have determined that Major's request is better directed to the Bureau of Prisons, which assesses an inmate's ability to pay and sets up an appropriate payment schedule while he is in custody." This appeal followed.

**II.**

4

We review de novo the district court's denial of Major's § 3572(d)(3) motion because Major's improper delegation argument presents a question of law.[3] See United States v. Madera, 528 F.3d 852, 854 (11th Cir. 2008) (stating that questions of law are reviewed de novo).

In United States v. Prouty, 303 F.3d 1249 (11th Cir. 2002), we addressed an improper delegation argument in the restitution context. In that case, the district court ordered the restitution to be "due and payable immediately." Id. at 1253-54. However, the following exchange occurred at sentencing:

| [DEFENSE COUNSEL]: | The only other objection I have to the Court's sentence is that Your Honor ordered that restitution be paid immediately. Mr. Prouty doesn't have the means to pay a $5 million restitution immediately. So we would ask the Court to impose a reasonable payment schedule. |
| --- | --- |
| THE COURT: | I will leave that to the discretion of the Probation Office or whoever does that. Does that fall within your province? |
| [PROBATION OFFICER]: | When he is released, Your Honor, they do work out payment plans with |

_____

[3] We reject the government's assertion that our review is for abuse of discretion because, while the decision to grant relief under 18 U.S.C. § 3572(d)(3) is within the discretion of the district court, Major is not appealing the grant or denial of such relief. Instead, he contends that the district court improperly delegated its judicial authority and, as a result, failed to address his motion on the merits.

5

|                     |                                                                 |
|---------------------|-----------------------------------------------------------------|
|                     | the defendants.                                                 |
| [DEFENSE COUNSEL]:  | I don't think the statute allows it to be left. I think the statute says. [sic] |
| THE COURT:          | I will tell you what. He will pay what he could pay. That's the reality of it. |
| [DEFENSE COUNSEL]:  | That's fair. I just don't want an order hanging out there that he is in default of some judgment or some order. He will obviously pay what he could pay. |

Id. at 1253-54. On appeal, the government argued that the district court did not improperly delegate its authority because it ordered the defendant to pay restitution immediately, while the defendant argued that the court was obligated to set the payment schedule itself. Id. at 1254.

In evaluating these arguments, we began with the language of the Mandatory Victims Restitution Act ("MVRA"), codified at 18 U.S.C. §§ 3663A-3664. After noting that the MVRA allowed the district court to order restitution in a single lump-sum payment or in installments, we quoted 18 U.S.C. § 3664(f)(2), a provision in the MVRA requiring the district court, pursuant to 18 U.S.C. § 3572, to specify the restitution payment schedule. Id.; see 18 U.S.C. § 3664(f)(2). Thus, we then turned to 18 U.S.C. § 3572(d)(2), which provides: "If the judgment, or, in the case of a restitution order, the order, permits other than immediate payment, the

6

length of time over which scheduled payments will be made <u>shall be set by the court</u> . . . ." 18 U.S.C. § 3572(d)(2) (emphasis added); <u>see</u> <u>Prouty</u>, 303 F.3d at 1254. Relying on this mandatory language of § 3572(d)(2), we noted that "the plain language of the MVRA expressly precludes delegation of repayment scheduling to the probation office . . . ." <u>Prouty</u>, 303 F.3d at 1254 n.3. Accordingly, we agreed with other circuits "that setting a schedule for a prisoner to pay restitution is a core judicial function," and that "the MVRA precludes the district court from delegating duties expressly delineated in the statute." <u>Id.</u> at 1254-55.

We then addressed whether the district court had improperly delegated its authority under the facts of the case. Although the district court had ordered that restitution be paid immediately, we concluded that the district court had nonetheless improperly delegated its authority:

> Moreover, if the statute does not permit delegation to the probation office, we cannot endorse a restitution order requiring "immediate" payment with an informal understanding that the probation office shall set a repayment schedule. Obviously, the availability of such an option would in practice defeat the statutory requirement that the court establish any installment schedule. Accordingly, we conclude that the district court's restitution order was improper.

<u>Id.</u> at 1255.

### III.

Applying Prouty to the facts of the present appeal leads us to conclude that the district court improperly delegated its judicial authority to set a payment schedule for Major's fine.[4] The parties dispute whether the court's written judgment ordered the fine to be paid immediately. While we consider the judgment to be ambiguous on this point, we need not resolve it because even if, as the government contends, the judgment did require the immediate payment of the fine, Prouty holds that it is irrelevant if the district court nonetheless had an "informal understanding" that a non-judicial entity would set a payment schedule.

As evidenced by the district court's order denying Major's § 3572(d)(3) motion, the court had more than an "informal understanding" that the BOP would set a payment schedule for Major. Indeed, in denying Major's motion, the court found that Major's request for relief was better directed to the BOP because it "assesses an inmate's ability to pay and sets up an appropriate payment schedule while he is in custody." Thus, the court effectively delegated its authority to the BOP in this order.

In sum, even if the court's written judgment ordered Major to pay the fine immediately, the court's order denying Major's § 3572(d)(3) motion establishes

_____

[4] While Prouty involved restitution rather than a fine, we conclude that Prouty is applicable to this case because it relied heavily on § 3572(d)(2), a provision located in the fine statute. See Prouty, 303 F.3d at 1254 n.3; 18 U.S.C. § 3572 (governing the "[i]mposition of a sentence of fine and related matters").

that the district court had, at the very least, an "informal understanding" that the BOP would set Major's payment schedule. Under Prouty, this constituted an improper delegation of the court's judicial authority.[5] Accordingly, we vacate the district court's order and remand so that the court may consider Major's motion on the merits.

**VACATED AND REMANDED.**

---

[5] In its brief, the government does not cite Prouty, but instead relies on our unpublished opinions and opinions from other circuits, none of which constitute binding precedent.