[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11187

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-10024-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD MAURICE DUMONT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 26, 2009)**

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

Richard Maurice Dumont appeals his conviction for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Dumont argues the Sex Offender Registration and Notification Act (SORNA)[1] violates the Ex Post Facto Clause as applied to him, because, at the time of his interstate travel, SORNA did not yet apply to individuals convicted of sex offenses prior to SORNA's July 27, 2006, enactment date. We affirm Dumont's conviction and sentence.

## I. BACKGROUND

The relevant facts are not in dispute: (1) on February 23, 2004, Dumont pled *nolo contendere* in Rhode Island to second-degree child molestation; (2) his judgment and conviction provided for a four-year suspended sentence and a four-year term of probation, and required him to register with the Rhode Island Sex Offender Program upon release; (3) Dumont then traveled from Rhode Island to Florida on or about February 15, 2007; (4) in a letter dated March 9, 2007, and postmarked March 12, 2007, Dumont wrote his Rhode Island probation officer and acknowledged his presence in Florida; (5) on May 8, 2007, a probation violation warrant was issued for Dumont's arrest for violating the terms and

---

[1] SORNA is part of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248 §§ 101-155, 120 Stat. 587, 590-611 (2006).

conditions of his probation in Rhode Island; and (6) on May 16, 2007, Dumont was arrested in Florida and registered as a sex offender in the State of Florida.

Following a bench trial, the district court determined the Government had established beyond a reasonable doubt that: (1) "from in or about February 15, 2007 continuing on or about May 16, 2007," Dumont was (a) a sex offender for purposes of SORNA, and (b) required to register as a sex offender under SORNA; (2) by leaving Rhode Island in early 2007 and arriving in Florida on or about February 15, 2007, Dumont traveled in interstate commerce; and (3) upon arriving in Florida from on or about February 15, 2007, continuing to on or about May 16, 2007, Dumont knowingly failed to register or update a registration pursuant to SORNA. Dumont was sentenced to 46 months' imprisonment.

## II.  STANDARD OF REVIEW

This appeal raises statutory interpretation and constitutional issues, and is therefore subject to *de novo* review. *See United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006). "This court reviews *de novo* issues of constitutional law and statutory interpretation." *Id.* (citation and quotation marks omitted).

## III.  DISCUSSION

In relevant part, SORNA requires a sex offender to register, and keep the registration current, in each jurisdiction where the offender resides, works, or is a

student. 42 U.S.C. § 16913(a). Section 16913(b) sets forth "initial" registration requirements for sex offenders, providing a sex offender shall initially register either (1) before completing the imprisonment sentence for the offense giving rise to the registration requirement; or (2) not later than three business days after being sentenced for that offense, if no term of imprisonment is imposed. 42 U.S.C. § 16913(b). Subsection (c) further requires sex offenders to keep their registration current by–no later than three business days after each change of name, residence, employment status, or student status–appearing in person to inform the monitoring jurisdiction of all such changes in the information required for the registry. 42 U.S.C. § 16913(c). For sex offenders convicted prior to SORNA's enactment, § 16913(d) provides, in relevant part: "The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction . . . ." 42 U.S.C. § 16913(d). Under this authority, the Attorney General issued an interim rule on February 28, 2007, stating "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." *See* 28 C.F.R. § 72.3.

SORNA also created a new crime of failure to register. Section 2250 provides, in relevant part, whoever (1) is required to register under SORNA and is defined as a sex offender for the purposes of SORNA, (2) "travels in interstate or foreign commerce," and (3) "knowingly fails to register or update a registration as required by" SORNA, is guilty of the crime. 18 U.S.C. § 2250(a). The maximum punishment for a conviction is ten years' imprisonment. *Id*.

Dumont argues SORNA's registration requirements do not apply to him because his interstate travel, although occurring after SORNA's enactment, occurred approximately two weeks before the Attorney General made the Act retroactive. Dumont further claims he was disadvantaged by the retrospective application of SORNA because it increased the maximum penalty to which he was exposed from one year to ten years' imprisonment, and because he was sentenced to 46 months' imprisonment, 34 months longer than the maximum sentence to which he was exposed at the time he committed his offense.

This Court recently addressed a timing issue involving a prosecution under SORNA in *United States v. Madera*, 528 F.3d 852 (11th Cir. 2008), which guides the resolution of Dumont's appeal. Madera was convicted of a prior sex offense in 2005, and moved from New York to Florida in 2006, all before SORNA's enactment. *Id*. at 854. Madera failed to register in Florida upon his arrival, and

5

was arrested and charged in 2006 for violating § 2250. *Id*. Before the Attorney General ever issued his interim retroactivity ruling, the district court conducted its own retroactivity analysis and declared SORNA retroactively applicable to Madera. *Id*. at 856.

On appeal, this Court announced "[i]t is now clear, following the Attorney General's pronouncement of the interim rule, that SORNA is to be retroactively applied to sex offenders convicted prior to SORNA's enactment." *Id*. at 857. The question remained, however, whether SORNA could be retroactively applied to Madera, who was convicted before SORNA's enactment and unlike Dumont, prosecuted prior to the Attorney General's ruling. *Id*. The retroactivity issue had split the district courts, but Madera's case was "unique" because the district court "clearly erred by usurping the role of the Attorney General in presumptively determining SORNA's retroactive application." *Id*.

Of particular relevance, this Court rejected the Government's argument that § 16913(d) did not give the Attorney General full discretion to determine whether SORNA would be retroactively applicable to offenders convicted before its enactment. *Id*. at 857-58. The statutory text of § 16913(d) expanded the Attorney General's existing authority under SORNA's predecessor statute to now include "both *how* and *whether* SORNA was to be retroactively applied," and SORNA's

6

scope as to previously convicted sex offenders was undefined prior to the retroactivity ruling. *Id*. at 858-59 (emphasis in original). Thus, this Court reversed the denial of Madera's motion to dismiss his indictment, holding "[b]ecause Madera's indictment concerns his failure to register during the gap period between SORNA's enactment and the Attorney General's retroactivity determination, he cannot be prosecuted for violating SORNA during that time." *Id*. at 859.

Here, unlike Madera, Dumont was prosecuted after the Attorney General's retroactivity determination, and his superseding indictment covered the period "from in or about February 15, 2007, continuing through on or about May 16, 2007." As noted in *Madera*, "[i]t is now clear . . . SORNA is to be retroactively applied." *Id*. at 857. Accordingly, Dumont's obligation to register arose on February 28, 2007, the date of the Attorney General's retroactivity determination, and Dumont had three business days–through March 5, 2007–to fulfill this duty. *See* 28 C.F.R. § 72.3.; 18 U.S.C. § 2250; 42 U.S.C. § 16913(c). Dumont failed to do so, and as of March 6, 2007, Dumont was in violation of § 2250.

In *Toussie v. United States*, 397 U.S. 112, 90 S. Ct. 858 (1970), the Supreme Court considered an analogous registration issue. The defendant was convicted for failing to register for the draft, and the Court had to determine when the crime

of failure to register occurred for statute of limitations purposes. *Id*. at 114, 90 S. Ct. at 860. The Court concluded the obligation to register arose at a specific time – in Toussie's case when he turned 18. *Id*. at 119, 90 S. Ct. at 862. Under the relevant draft statute, Toussie then had a five-day period in which to fulfill his duty to register. *Id*. He failed to do so, and "then and there committed the crime of failing to register." *Id*.

Like Toussie, Dumont's obligation to register arose at a specific time–the date of the Attorney General's retroactivity determination. *See Madera*, 528 F.3d at 857. Upon Dumont's failure to do so within the statutory period, he committed the crime of failure to register.

As a final matter, we will address Dumont's contention regarding the timing of his interstate travel. Section 2250 applies to a sex offender who "travels in interstate or foreign commerce." 18 U.S.C. § 2250. Dumont traveled to Florida on February 15, 2007–after SORNA's enactment date but before the Attorney General's retroactivity determination. Because Dumont's travel was complete before the statute became effective as to him, he claims the law cannot be applied to him.

The Eighth Circuit's analysis of a similar claim in the transportation of firearms context illustrates why Dumont's challenge fails. In *United States v.*

8

*Woods*, 696 F.2d 566 (8th Cir. 1982), the defendant challenged his conviction for violating a statute prohibiting felons from possessing a firearm, in commerce or affecting commerce. *Id*. at 567. Because there was no evidence in the record to establish the gun traveled in interstate commerce after the statute's effective date, the defendant argued his conviction could not be sustained. *Id*. at 571. The court held even if the gun traveled in interstate commerce before the statute's effective date, the conviction was proper because the statute criminalized the possession of a firearm by a felon, not its interstate transport. *Id*. at 572. The interstate transport element simply provides the jurisdictional hook for the federal statute. *See United States v. Gilles*, 851 F.2d 492, 495 (1st Cir. 1988) (noting the "in or affecting commerce" language "describes what *kind* of a gun felons may not possess, and it provides the jurisdictional basis for a federal law").

Likewise, § 2250 does not punish a sex offender for merely traveling in interstate or foreign commerce. Rather, § 2250 criminalizes a sex offender's failure to register after traveling in interstate or foreign commerce, and the "travels" language provides a jurisdictional basis. Accordingly, the fact that Dumont's travel to Florida occurred prior to the retroactivity determination does not preclude his prosecution under SORNA. As we recognized in *Madera*,

9

SORNA applies retroactively as of February 28, 2007, and Dumont violated § 2250 when he failed to register within the following three business days.

## IV. CONCLUSION

Dumont, a sex offender convicted prior to the enactment of SORNA, became subject to SORNA's requirements when the Attorney General issued his interim retroactivity ruling. After traveling from Rhode Island to Florida, Dumont failed to register within the statutory period. Because there is no dispute Dumont is a sex offender, who traveled in interstate commerce, and knowingly failed to register or update his registration from March 6 to May 16, the district court did not err by sentencing Dumont to 46 months' imprisonment under § 2250.

**AFFIRMED.**