[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12765
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00052-CR-ORL-31-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

TOMMY W. BUCKIUS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 26, 2009)

Before BLACK and MARCUS, Circuit Judges, and QUIST,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Defendant Tommy W. Buckius was indicted for failing to register as required by the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16913, in violation of 18 U.S.C. § 2250(a).  Buckius moved to dismiss the indictment, and, after hearing argument, the district court declared 18 U.S.C. § 2250 facially unconstitutional, dismissed the indictment, and ordered Buckius released "[f]or the reasons stated in this Court's Order filed on April 18, 2008 in *United States v. Powers*," 544 F. Supp. 2d 1331 (M.D. Fla. 2008).  On appeal, the Government argues the district court erred in holding 18 U.S.C. § 2250(a) facially unconstitutional as an invalid exercise of Congress's Commerce Clause power.  Buckius argues, as an alternative ground to affirm, he cannot be prosecuted under SORNA because his travel occurred prior to the Attorney General's retroactivity determination.  We first address Buckius's alternative argument regarding the timing of his travel, then we address the constitutionality of SORNA issue.

I.

On March 5, 2008, a grand jury charged that Buckius "did knowingly fail to register and update a registration" as required by SORNA between October 2006 and February 2008.  The indictment alleges at some point in or about October 2006, Buckius traveled from Ohio to Florida.  Buckius argues he cannot be prosecuted

2

under SORNA because his travel occurred prior to the Attorney General's retroactivity determination on February 28, 2007.

In *United States v. Dumont*, __ F.3d __, No. 08-11187, 2009 WL 161864 (11th Cir. Jan. 26, 2009), the defendant was prosecuted after the Attorney General's retroactivity determination, and his indictment covered the period "from in or about February 15, 2007, continuing through on or about May 16, 2007." *Id*. at *2. We concluded Dumont's obligation to register arose on February 28, 2007, and Dumont had three business days to fulfill this duty. *Id*.

*Dumont* applies here. Buckius's indictment covered the period through February 2008, and his obligation to register arose on February 28, 2007. Buckius failed to register within the following three business days, and was thus in violation of § 2250 as of March 6, 2008. Accordingly, the district court's dismissal cannot be affirmed on this alternate ground.

## II.

In *United States v. Ambert*, __ F.3d __, No. 08-13139, 2009 WL 564677 (11th Cir. March 6, 2009), this Court held both the registration provisions set forth at 42 U.S.C. § 16913 and the failure to register offense set forth at 18 U.S.C. § 2250(a) do not violate the Commerce Clause. *Id*. at *8-9. We concluded § 2250 falls within Congress's power to regulate "both the use of channels of interstate

3

commerce and the instrumentalities of interstate commerce." *Id.* at *8. We also concluded "the requirement that sex offenders register under § 16913 is necessary to track those offenders who move from jurisdiction to jurisdiction." *Id.* at*10.

*Ambert* controls here. The district court erred in dismissing the indictment against Buckius on the ground that SORNA exceeded Congress's authority under the Commerce Clause. Accordingly, we vacate the order of the district court and remand for reinstatement of the indictment.

**VACATED AND REMANDED.**