[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13606
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-80108-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO DIAZ CARDENAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2009)

Before TJOFLAT, DUBINA and ANDERSON, Circuit Judges.

PER CURIAM:

Alfonso Diaz Cardenas appeals his conviction on one count of failing to

register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. The following facts are not in dispute. Cardenas was convicted in California in 1993 on one count of unlawful sexual contact with a minor while occupying a position of special trust, and his sentence included a lifelong obligation to register as a sex offender. Between 1993 and 1999, Cardenas filed various updates to his registration in California, all of which provided that his responsibility to register was a lifelong requirement. In early February 2007, Cardenas traveled from California to Palm Beach County, Florida. From that time until his arrest in May 2007, Cardenas neither updated his California registration nor filed a new registration in Florida.

On appeal, Cardenas argues that we held in United States v. Madera, 528 F.3d 852 (11th Cir. 2008), that an individual convicted of a sex offense prior to SORNA could not be prosecuted for failing to register during the gap period between SORNA's enactment and the Attorney General's ruling that SORNA applied retroactively to all sex offenders, regardless of when they were convicted. Therefore, Cardenas asserts, because the material facts of Madera and this case are essentially identical, his conviction is due to be reversed.[1]

---

[1] Although Cardenas presents the issue as an Ex Post Facto Clause violation, his argument is solely that his conviction should be overturned under Madera. Accordingly, he has abandoned any claim under the Ex Post Facto Clause. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

We review the denial of a motion for judgment of acquittal de novo. United States v. Evans, 473 F.3d 1115, 1118 (11th Cir. 2006). We also review issues of statutory interpretation de novo. United States v. Anton, 546 F.3d 1355, 1357 (11th Cir. 2008).

The Adam Walsh Child and Safety Protection Act, Pub. L. No. 109-248, 120 Stat. 587, was enacted on July 27, 2006. Title I of the Act, SORNA, created a national sex offender registry law. See Pub. L. No. 109-248, §§ 101-55, 120 Stat. 587, 590-611. SORNA's registry requirements provide that:

(a) In general

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student . . .

(b) Initial registration

The sex offender shall initially register--

(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c) Keeping the registration current

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this

3

section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913. Acting pursuant to § 16913(d), the Attorney General issued a ruling on February 28, 2007, that "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." 28 C.F.R. § 72.3. Moreover, SORNA created a federal crime for whoever:

(1) is required to register under [SORNA];

(2)(A) is a sex offender as defined for the purposes of [SORNA] by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by [SORNA].

4

18 U.S.C. § 2250(a).

We first addressed a timing issue involving a SORNA prosecution in Madera. The defendant was convicted of sexual abuse in New York and moved to Florida, both of which occurred prior to SORNA's enactment. 528 F.3d at 854. After SORNA was enacted, but before the Attorney General's retroactivity ruling, the defendant was indicted under § 2250 for failing to register. Id. The district court denied the defendant's motion to dismiss the indictment, finding, prior to the Attorney General's ruling, that SORNA applied retroactively as of the date its enactment. Id. at 854, 856. On appeal, we reversed and concluded that the district court erred in finding that SORNA was retroactive as of the date of its enactment, because "Congress vested the Attorney General with sole discretion to determine SORNA's retroactivity." Id. at 858. Moreover, we stated that because "the Attorney General had sole discretion to determine whether or not SORNA was to be retroactively applied to sex offenders convicted before its enactment date, it only stands to reason that SORNA's scope was undefined prior to that determination." Id. at 858-59. Therefore, we held that "[b]ecause [the defendant's] indictment concerns his failure to register during the gap period between SORNA's enactment and the Attorney General's retroactivity determination, he cannot be prosecuted for violating SORNA during that time."

5

Id. at 859.

We recently revisited SORNA in United States v. Dumont, 555 F.3d 1288 (11th Cir. 2009), where the defendant was convicted of a sex offense prior to SORNA, traveled interstate in the gap period between SORNA's enactment and the Attorney General's retroactivity ruling, and was indicted and convicted after the Attorney General's ruling for failing to register "from in or about February 15, 2007, continuing through on or about May 16, 2007." We affirmed the defendant's conviction on appeal, concluding that his obligation to register arose on the date of the Attorney General's retroactivity determination, that the defendant thereafter had three business days to register in accordance with § 16913(c), and that after such time he was in violation of § 2250. Id. at 1291. We further held that the "fact that [the defendant's interstate travel] occurred prior to the retroactivity determination does not preclude his prosecution under SORNA," because "§ 2250 criminalizes a sex offender's failure to register after traveling in interstate or foreign commerce, and the 'travels' language provides a jurisdictional basis." Id. at 1292.

Here, the undisputed facts are essentially identical to Dumont, in that Cardenas was convicted of a sex offense prior to SORNA, traveled interstate in the gap period between SORNA's enactment and the Attorney General's retroactivity

6

determination, and failed to register as of his arrest on May 9, 2007, which was more than three business days after his obligation to register arose following the Attorney General's ruling. Accordingly, we conclude that Cardenas committed a violation of § 2250.

Cardenas' next three arguments – that Congress exceeded its constitutional authority by delegating the retroactivity determination to the Attorney General, that SORNA violates the Commerce Clause, and that SORNA violates his procedural and substantive due process rights – have all recently been rejected by this court in United States v. Ambert, __ F.3d __, 2009 WL 564677 (11th Cir. Mar. 6, 2009). Therefore, we decline to address them specifically.

**AFFIRMED.**[2]

---

[2] Cardenas' request for oral argument is denied.