[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13780
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cr-80060-RLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD GEORGE WYLIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 29, 2019)


Before WILSON, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Edward Wylie appeals his conviction for failure to register and update his registration as a sex offender as required by the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. § 20913, in violation of 18 U.S.C. § 2250(a).  He argues SORNA's delegation of authority to the Attorney General to issue regulations under § 20913(d), which allowed the Attorney General to require him to register as a sex offender, violates the nondelegation doctrine.  After review,[1] we affirm Wylie's conviction.

SORNA makes it a crime for anyone who travels in interstate commerce to knowingly fail to register or update a required sex offender registration.  18 U.S.C. § 2250(a).  The statute defines sex offenders' registry requirements in detail and delegates the authority to the Attorney General to determine whether to apply the requirements to sex offenders who were convicted prior to July 27, 2006, its date of enactment.  *See* 34 U.S.C. § 20913 (formerly codified at 42 U.S.C. § 16913); *United States v. Ambert*, 561 F.3d 1202, 1206 (11th Cir. 2009).  On February 28, 2007, the Attorney General applied the SORNA registration requirements to all sex offenders, including those convicted prior to the enactment of SORNA.  28 C.F.R. § 72.3; *Ambert*, 561 F.3d at 1206.  We later held that all sex offenders convicted prior to July 27, 2006, were obliged to register under SORNA beginning on

---

[1] Where an appeal raises issues of statutory interpretation and constitutional law, we review those issues *de novo*.  *United States v. Ambert*, 561 F.3d 1202, 1205 (11th Cir. 2009).

February 28, 2007. *United States v. Dumont*, 555 F.3d 1288, 1291 (11th Cir. 2009), *overruled in part on other grounds by Carr v. United States*, 560 U.S. 438 (2010).

The nondelegation doctrine is based on the principle of separation of powers. *Ambert*, 561 F.3d at 1212. It states that Congress may not "transfer to others the essential legislative functions with which it is [constitutionally] vested." *Id*. at 1213 (quoting *Panama Ref. Co. v. Ryan*, 293 U.S. 388, 421 (1935)). A delegation is constitutional if Congress provides an "intelligible principle" for the recipient of the delegated authority to follow. *Id*. The Supreme Court has interpreted this framework broadly and has not struck down a statute as an impermissible delegation since 1935. *See id*.

In *Ambert*, we held that Congress provided the Attorney General with intelligible principles to guide his exercise of discretion under SORNA. *Id*. We explained that Congress expressly set forth broad policy goals in SORNA of protecting the public and creating a comprehensive national registry, thus suggesting that the Attorney General require pre-2006 offenders to register to the extent that he determined their registration would contribute to those goals. *Id*. at 1213-14. Further, we reasoned that SORNA's detailed framework regarding the registration process, the elements of the new federal crime, and the penalty for violation left the Attorney General only with the discretion to determine "whether

3

this statute and all of its attendant requirements articulated by the legislature apply to a particular, capped class of offenders." *Id*. at 1214.  Thus, we held that § 20913 was constitutional because Congress "delineated its general policy, the public agency which is to apply it, and the boundaries of the delegated authority." *Id*.

Despite having precedent directly on point, we held this case in abeyance pending the Supreme Court's decision in *Gundy v. United States*, No. 17-6086, __ U.S. __, 2019 WL 2527473 (2019).  *Gundy* has now issued, and the Supreme Court "join[ed] the consensus" of eleven Courts of Appeals and rejected the claim "that Congress unconstitutionally delegated legislative power when it authorized the Attorney General to 'specify the applicability' of SORNA's registration requirements to pre-Act offenders."  *Id.* at *3.

The application of SORNA's registration requirements to Wylie was constitutional because SORNA's delegation of authority to the Attorney General did not violate the nondelegation doctrine.   Accordingly, we affirm Wylie's conviction.

**AFFIRMED**.