[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15028
Non-Argument Calendar

_____

D.C. Docket Nos. 1:10-cv-00754-RWS,
1:05-cr-00479-RWS-AJB-3

CEDRIC LAMAR JACKSON,
a.k.a. Detroit,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 18, 2019)

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Cedric Lamar Jackson, a counseled federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate after the district court granted a certificate of appealability (COA).[1]   Lamar contends his counsel was ineffective for incorrectly advising him he would not have to register as a sex offender if he took a plea, undermining the voluntariness of his plea. After review,[2] we affirm the district court.

In May 2006, Jackson pled guilty to Count One of his superseding indictment.  Among other things, that Count charged him with conspiracy to traffic for commercial sex acts, in violation of 18 U.S.C. § 1591(a).  Under Georgia law, any person convicted of a "dangerous sexual offense" on or after July 1, 1996 is required to register as a sex offender.  *See* O.C.G.A. § 42-1-12(e)(2). Sex trafficking is not included under the category of "dangerous sexual offenses" for

---

[1] If the district court issues a COA, but fails to enumerate specific issues for review, we are not deprived of appellate jurisdiction. *Putman v. Head*, 268 F.3d 1223, 1227-28 (11th Cir. 2001).  Instead, we do one of two things: (1) remand to the district court for enumeration of issues; or (2) retain jurisdiction and rule on those issues raised by the prisoner that we deem worthy of a COA. *Id.* at 1228.  To merit a COA, a movant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The movant satisfies this requirement by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or that the issues "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  We can review Jackson's challenge because he has made a substantial showing of a denial of the right to effective assistance of counsel. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

[2] In § 2255 proceedings, "we review legal conclusions *de novo* and factual findings for clear error." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).  We review *de novo* a claim of ineffective assistance of counsel, which is a mixed question of law and fact. *Id*.

convictions occurring prior to June 30, 2015.  *See* O.C.G.A. § 42-1-12(a)(10)(A), (B).

After Jackson pled guilty, the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. § 20901 et seq., was enacted on July 27, 2006, and applies retroactively to all sex offenders.[3]  *See United States v. Dean,* 604 F.3d 1275, 1276 (11th Cir. 2010); *United States v. Madera*, 528 F.3d 852, 856, 858-59 (11th Cir. 2008).  A person convicted of conspiracy to commit sex trafficking is required to register with the sex offenders registry maintained by the jurisdiction in which the person resides.  34 U.S.C. § 20911(1) (defining "sex offender"), (5) (defining "sex offense"), *Id.* § 20913(a) (requiring registration), (b) (governing initial registration).

Jackson's ineffective assistance claim fails because he cannot show his counsel's performance was deficient.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (providing to make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant).  Even if Jackson's counsel did advise him that he would not have to register as a sex offender, such advice was not deficient because counsel was legally correct at the time the advice was given.  Jackson was a Georgia resident at the time of his plea, and as a person with

---

[3] SORNA was originally located at 42 U.S.C. § 16901 et seq.

a sex trafficking conviction, he was not required to register as a sex offender under Georgia law.  *See* O.C.G.A. § 42-1-12(a)(10)(A), (B), (e)(2).  And while the parties concede Jackson is now required to register under SORNA, that statute had not yet been enacted when Jackson pled guilty and counsel was not required to anticipate its enactment.  *See United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (stating an attorney's failure to anticipate a change in the law does not constitute ineffective assistance).  Accordingly, Jackson's counsel was not deficient and his claim of ineffective assistance of counsel fails.  *See Strickland*, 466 U.S. at 687.

**AFFIRMED.**